UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEORGE ANTHONY MCGEE

                    Plaintiff,

    v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                    Defendant.
_____

**DECISION
and
ORDER**

**17-cv-00499-LGF
(consent)**

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                          Attorneys for Plaintiff
                          BRANDI SMITH, of Counsel
                          6000 Bailey Avenue
                          Suite 1A
                          Amherst, New York 14226

                          JAMES P. KENNEDY, JR.
                          UNITED STATES ATTORNEY
                          Attorney for Defendant
                          JUNE BYUN
                          Assistant United States Attorney, of Counsel
                          Federal Centre
                          138 Delaware Avenue
                          Buffalo, New York 14202, and

                          STEPHEN P. CONTE
                          Regional Chief Counsel
                          United States Social Security Administration
                          Office of the General Counsel, of Counsel
                          26 Federal Plaza
                          Room 3904
                          New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On February 14, 2017, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. (Dkt. No. 18). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff on November 27, 2017 (Dkt. No. 10), and by Defendant on January 19, 2018 (Dkt. No. 11). For the reasons discussed below, Plaintiff's motion is granted and the Commissioner's motion is denied.

## BACKGROUND and FACTS

Plaintiff Michael Anthony McGee ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on April 22, 1987(R. 78),[2] alleges that he became disabled on July 1, 2011, when he sustained injuries from a gunshot wound to his head. (R. 158).

Plaintiff's application for disability benefits was initially denied by Defendant on December 12, 2011 (R. 78), and, pursuant to Plaintiff's request, administrative hearings were held before Administrative Law Judge Donald T. McDougall ("ALJ McDougall" or

---

[2] "R" references are to the pages of the Administrative Record electronically filed by Defendant on September 25, 2017. (Dkt. No. 9).

"the ALJ"), on March 11, 2013 and June 17, 2013, in Buffalo, New York, at which Plaintiff, represented by Justin Goldstein, Esq. ("Goldstein") appeared and testified. (R. 40-59). Plaintiff's grandmother Helene McGee ("Ms. McGee"), also appeared and testified (R. 59-64), along with vocational expert Esperanza Distefano ("VE Distefano"). ALJ McDougall rendered a decision denying Plaintiff's claim on June 17, 2013 (R. 23-33), the Appeals Council denied Plaintiff's request for review on December 31, 2014 (R. 1-4), and on September 22, 2015, following the filing of Plaintiff's action 15-cv-170S (Dkt. No. 1) on February 26, 2015, challenging Defendant's denial of benefits, upon stipulation by both parties the case was remanded to the Appeals Council. (R. 567-69). On October 22, 2015, the Appeals Council vacated the ALJ's decision, finding that the ALJ's determination that Plaintiff's schizoaffective disorder and adjustment disorder were severe impairments inconsistent with the ALJ's alternate finding that such disorders resulted in only mild limitations to Plaintiff's activities of daily living, and his abilities to maintain social functioning, concentration, persistence or pace. The Appeals Council also ordered the ALJ to evaluate Plaintiff's mental impairments in accordance with the special technique under 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 paragraph B, further consider the opinion of Aman Sharma, M.D. ("Dr. Sharma"), and Plaintiff's residual functional capacity, obtain testimony from a medical expert if necessary, provide rational specific evidence to support the ALJ's assessed limitations, conduct further proceedings, and, if warranted, determine whether Plaintiff's drug and alcohol use were contributing factors to the ALJ's finding of disability. (R. 573-74). On

October 27, 2016, ALJ Sharon Seeley ("the ALJ" or "ALJ Seeley"),[3] conducted an administrative hearing where Plaintiff and vocational expert Susan J. Rowe ("the VE" or "Rowe"), testified. (R. 509-43). ALJ Seeley issued a decision[4] denying Plaintiff's claim on April 4, 2017. (Ex. A, 5-28). No exceptions to the ALJ's decision were filed and the ALJ's decision became the final administrative decision. *See* 20 C.F.R. § 404.984(d). On June 5, 2017, Plaintiff filed the instant action alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On November 27, 2017, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 12-1) ("Plaintiff's Memorandum"). On January 19, 2018, Defendant filed Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 14-1) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion on the pleadings on February 21, 2018 ("Plaintiff's Reply Memorandum") (Dkt. No. 17-1). Oral argument was deemed unnecessary. Based on the following, Plaintiff's motion for remand is GRANTED and the matter remanded for calculation of benefits.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant

---

[3] All further references to "the ALJ" are to ALJ Seeley.
[4] ALJ Seeley's decision is attached to Plaintiff's Complaint (Dkt. No. 1) as Exhibit A (hereinafter "Ex. A").

4

evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

A.   **Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the

factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[6] 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also*

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.
[6] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

*Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.     Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. § 404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since September 16, 2011, Plaintiff's disability application date. (Ex. A, 8). Plaintiff does not contest this finding.

**C.     Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more

than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of traumatic brain injury resulting from gunshot wound, seizure disorder, left eye retinal detachment and glaucoma with loss of visual acuity and visual field defect, schizoaffective disorder, adjustment disorder with depressed mood and anxiety disorder. (Ex. A, 4). Plaintiff does not contest the ALJ's step two findings.

## D. <u>Listing of Impairments</u>

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 2.02 (Loss of Central Visual Acuity), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 2.03 (Contraction of the Visual Field in the Better Eye), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 11.02 (Epilepsy - convulsive), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.02 (Neurocognitive Disorders), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 ("§ 12.04") (Depressive, Bipolar and Related Disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.06 (Anxiety and Obsessive-Compulsive Disorders). (Ex. A, 4). Plaintiff does not contest the ALJ's step three findings, however, upon reviewing the record, the court, *sua sponte*, finds that substantial evidence supports that Plaintiff's

mental impairments meet the criteria for disability under § 12.04, and Plaintiff is therefore disabled. *See Farnham v. Astrue*, 832 F.Supp. 2d 243, 248 n. 2 (W.D.N.Y. 2011) (42 U.S.C. § 405(g) provides the court with the power to enter, upon the pleadings and transcript of the record, a judgment affirming modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing).

To establish disability based on an affective disorder under § 12.04, the Plaintiff must meet the criteria for § 12.04A[7] and for either § 12.04B or § 12.04C. That Plaintiff meets the criteria for § 12.04A is not disputed. To meet the criteria of § 12.04B, a disability claimant's depressive, bipolar or related disorder must result in an extreme limitation to one of the following or a marked limitation to two of the following abilities:

    1.     Understanding, remembering, or applying information; or
    2.     Interacting with others; or
    3.     Concentration, persist, or maintain pace; or
    4.     Adapt or manage oneself

20 C.F.R., Pt. 404, Subpt. P, App. 1, §12.04B ("§ 12.04B").[8]

Here, although the ALJ found that Plaintiff's depressive, bipolar and related disorder met the criteria of § 12.04A (Ex. A, 5), the ALJ found the criteria under §

---

[7] Section 12.04A requires documentation of a depressive disorder characterized by depressed mood, diminished interest in almost all activities, appetite disturbance with change in weight, sleep disturbance, observable psychomotor agitation or retardation, decreased energy, feelings of guilt or worthlessness, difficulty concentrating or thinking, and thoughts of death or suicide. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04A.

[8] The criteria used to evaluate mental disorders under §§ 12.02, 12.04 and 12.06, were revised effective January 17, 2017, and are therefore applicable to Plaintiff's claim. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed Reg. 66138-01(September 26, 2016) (to be codified at 40 C.F.R. Pt. 404 and 416).

12.04B were not met because Plaintiff's disorder resulted in only mild limitations to Plaintiff's ability to understand, remember, or apply information, and adapt or mange himself, and moderate limitations to his ability to interact with others, concentrate, persist, or maintain pace. (Ex. A, 9-10). A plain reading of the record, however, reveals substantial evidence the Plaintiff is at least markedly limited in his abilities to interact with others (§ 12.04B2) and in maintaining concentration, persistence, and pace. (§ 12.04B3).

As relevant here, 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.04B2, interacting with others refers to the ability to

> Relate to and work with supervisors, co-workers, and the public. . . . cooperating with others; asking for help when needed; handling conflicts with others; stating own point of view; initiating or sustaining conversation; understanding and responding to social cues (physical, verbal, emotional); responding to requests, suggestions, criticism, correction, and challenges; and keeping social interactions free of excessive irritability, sensitivity, argumentativeness, or suspiciousness.

20 C.F.R. 404, Subpt. P, App. 1, § 12.00E2.

Limitations to an area of functioning are considered "marked" when the ability to function independently, appropriately and effectively on a sustained basis is seriously limited, 20 C.F.R. Pt. 404, Subpt. P, App.1 § 12.00F2d, and are considered "extreme" when there is no ability to function independently, appropriately, and effectively on a sustained basis. 20 C.F.R. Pt. 404, Subpt. P, App.1 § 12.00F2e. In this case, the ALJ's finding that Plaintiff's psycho-affective disorder did not result in a marked difficulty to Plaintiff's ability to interact with others under § 12.04B2, is without support of substantial evidence in the record.

In particular, on July 5, 2012, Physician Assistant Theresa Mellas ("P.A. Mellas"), completed a Medical Examination for Employment Assessment Disability Screening form, and evaluated Plaintiff with a very limited ability to maintain socially appropriate behavior without exhibiting behavior extremes and appropriately interact with others. (R. 313). On September 16, 2013, Lixin Zhang, M.D. ("Dr. Zhang"), a neurologist with Dent Neurologic Institute ("Dent"), completed a seizure evaluation of Plaintiff and noted that Plaintiff's mother reported that Plaintiff was withdrawn, stayed home and never left the house. (R. 767). On December 12, 2013, Alanna C. Castaldo, P.A. (P.A. Castaldo"), a physician assistant at Dent, completed a follow-up examination of Plaintiff, noting that Plaintiff's mother stated that Plaintiff was depressed, had no social life, was withdrawn, slept for 12 hours each night, and diagnosed Plaintiff with anxiety and depression. (R. 764-65). On February 20, 2014, Masashi Ohira, M.D. ("Dr. Ohira"), evaluated Plaintiff with very limited ability to interact appropriately with others. (R. 665). On December 31, 2015, Dr. Ohira evaluated Plaintiff with very limited ability to interact appropriately with others, moderately limited ability to maintain socially acceptable behavior without exhibiting behavior extremes and that Plaintiff's work would require limited social interactions secondary to Plaintiff's schizoaffective disorder. (R. 733). On September 26, 2016, Fahim Tazwar, M.D. ("Dr. Tazwar"), evaluated Plaintiff with very limited ability to maintain socially appropriate behavior without exhibiting behavioral extremes, and interact appropriately with others, noting that Plaintiff's impairments were permanent. (R. 736). At Plaintiff's initial hearing Plaintiff's grandmother testified that without her encouragement Plaintiff would not go anywhere or do anything other than stay inside

12

the house, testimony that the ALJ does not discredit. (R. 64). Substantial evidence thus supports that Plaintiff's mental impairment results in marked difficulties to Plaintiff's ability to interact with others and Plaintiff meets the criteria for disability under § 12.04B2. The court next considers whether Plaintiff's mental impairment meets the criteria for disability under § 12.04B3, *i.e.,* Plaintiff's ability to concentrate, persist or maintain pace.

> The "ability to concentrate, persist or maintain pace refers to the ability to
>
> Focus attention on work activities and stay on task at a sustained rate. Examples include: Initiating and performing a task that you understand and know how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive, working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00E3 ("§ 12.00E3").

Here, the ALJ's finding that Plaintiff's mental impairment results in only moderate limitations to Plaintiff's ability to concentrate, persist, or maintain pace is also without support of substantial evidence in the record because, as Plaintiff testified, his grandmother helped him with everything including giving Plaintiff his daily medications as Plaintiff was not able to remember to take his medications (R. 57), and his testimony is consistent with the medical evidence in the record. In particular, as early as July 5, 2012, P.A. Mellas evaluated Plaintiff with a very limited ability to maintain attention and concentration, function in a work setting at a consistent pace, and carry out instructions. (R. 313). On February 14, 2013, Dr. Sharma completed a Vision Impairment Residual Functional Capacity Questionnaire and opined that Plaintiff's visual impairments

13

resulted in moderate to severe limitations to Plaintiff's ability to perform daily activities, that Plaintiff was incapable of avoiding ordinary hazards in the workplace such as boxes on the floor, doors ajar, and approaching people or vehicles, that Plaintiff was unable to work with large objects and lift and carry more than 10 pounds, that Plaintiff's vision impairments would frequently interfere with Plaintiff's attention and concentration, and that Plaintiff's history of headaches, seizures, monocular vision and poor depth perception affected Plaintiff's ability to work at a regular job on a sustained basis. (R. 435-37). On February 20, 2014 and December 31, 2015, Dr. Ohira evaluated Plaintiff with very limited ability to function in a work like setting at a consistent pace. (R. 665, 733). On September 26, 2016, Dr. Tazwar evaluated Plaintiff with very limited ability to maintain concentration and attention, make simple decisions, and function in a work setting at a consistent pace. (R. 736). Based on the foregoing, Plaintiff's psycho-affective disorder and visual impairment resulted in marked limitations to Plaintiff's ability to concentrate, persist and maintain pace as a basis for disability pursuant to § 12.04B3.

Substantial evidence thus establishes that Plaintiff's mental impairment results in marked limitations to two of the four criteria necessary to be deemed disabled under § 12.04B, specifically § 12.04B2 and § 12.04B3. Having found Plaintiff meets the criteria for disability under § 12.04, the court's inquiry ceases, 20 C.F.R. § 416.920(d) (claimant who meets or equals a listed impairment is considered disabled regardless of age,

education, and work experience), and the matter is therefore REMANDED for calculation of benefits).[9]

Given that the record fully supports Plaintiff is disabled under § 12.04, it is unnecessary to address Plaintiff's contention that the ALJ improperly assessed Plaintiff's residual functional capacity to justify denial of benefits. Plaintiff's Memorandum at 20-28.

## E. Remand

Mindful of the often painfully slow process by which disability determinations are made, the Second Circuit instructs that some evaluation of relative hardship to a claimant of further delay should be considered, *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004), district courts may therefore "when appropriate set a time limit for action by the administrative tribunal, and this is often done." *Zambrano v. Califano,* 651 F.2d 842, 844 (2d Cir. 1981) (citing cases). *See also Michaels v. Colvin*, 621 Fed.App'x. 35, 41 (2d Cir. Aug. 14, 2015) (directing upon remand for further fact-finding at step five that given eight years had elapsed since the plaintiff filed for disability benefits, the further administrative proceedings were to be completed within 120 days, with the Commissioner's final decision to be rendered within 60 days of any appeal by the plaintiff from the ALJ's decision, and citing *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir.

---

[9] The court acknowledges evidence in the record that Plaintiff was seizure-free for more than a year from 2015 until June 7, 2016 (R. 751), and testified on October 27, 2016, that he no longer required his grandmother's help managing his medication (R. 525). Although such evidence considered by ALJ Seeley, *see* Dkt. 1-1 at 18, may support Plaintiff's medical improvement, determining whether Plaintiff's condition improved such that Plaintiff is no longer disabled is the Commissioner's responsibility. *See* 42 U.S.C. § 425(a). Such evidence supports that prior to the onset of improvements in Plaintiff's condition, Plaintiff was thus in fact disabled pursuant to § 12.04B, a necessary implication overlooked by the ALJ.

2004) (imposing time limit on remand where "the past delay is of such magnitude – years – that a time limit is imperative") *as amended on reh'g in part*, 416 F.3d 101, 106 (2d Cir. 2005) (providing that if deadlines for further administrative proceedings at the fifth step, on which the Commissioner bears the burden of proof, are not met, "a calculation of benefits owed [plaintiff] must be made immediately")).

Plaintiff filed his application for disability on September 16, 2011 (R. 132), testified at an administrative hearing on March 11, 2013 (R. 38-71), received a final decision of not disabled on June 17, 2013 (R. 20-37), and a denial by the Appeals Council on December 31, 2014. (R. 1-5). As it has been more than seven years since Plaintiff first filed his application for disability, further delay for remand is a hardship this Plaintiff should not bear. The Commissioner's calculation of benefits should therefore be completed <u>within</u> <u>120</u> <u>days</u> of this Decision and Order. *See Dambrowski v. Astrue,* 590 F.Supp.2d 579, 588 (S.D.N.Y.) (imposing a time limit of 120 days for subsequent proceedings when five years had passed since Plaintiff filed his application).

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 12-1) is GRANTED; Defendant's motion (Doc. No. 17-1) is DENIED, and the matter is REMANDED to the Commissioner solely for calculation of benefits.

So Ordered.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: December 18, 2018
           Buffalo, New York